**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF THE IBEW LOCAL 400 WELFARE FUND, *et al.*, | Civil Action No. 22-06286 |
| *Plaintiffs*, | **OPINION** |
| v. | |
| T.E.S.T. TRYLECTRIC ENGINEERING SYSTEMS & TECHNOLOGY, LLC, | |
| *Defendant*. | |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on Plaintiffs'[1] unopposed motion for default judgment against Defendant T.E.S.T. Trylectric Engineering Systems & Technology, LLC ("TEST") pursuant to Fed. R. Civ. P. 55(b). D.E. 9. The Court reviewed the submission[2] in support of the motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated herein, Plaintiffs' motion is **GRANTED in part and DENIED in part**.

---

[1] Plaintiffs are the Trustees of the IBEW Local 400 Welfare, Pension, Annuity, Supplemental and Joint Apprenticeship Training Funds (the "Fund Plaintiffs") and the International Brotherhood of Electrical Workers Local Union 400 (the "Union Plaintiff"). The present motion only appears to seek default judgment as to the Fund Plaintiffs' claim in Count One of the Complaint. *See* D.E. 9-2. The Union Plaintiff's claim, which the Court does not address, is set forth in Count Two of the Complaint.

[2] The only submission is the motion for default judgment and the accompanying certification and exhibits, D.E. 9.

## I. FACTS AND PROCEDURAL HISTORY[3]

On October 26, 2022, Plaintiffs filed their Complaint alleging that Defendant, an employer of union employees, failed to remit contributions and dues checkoffs in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"). D.E. 1 ("Compl."). Plaintiffs claim that they are owed such contributions by Defendant "pursuant to the terms and conditions of the parties' Collective Bargaining Agreement which is referred to as the Inside Agreement." Compl. ¶ 11; *see* D.E. 9-4. Plaintiffs allege that TEST agreed to the Inside Agreement, which required TEST to remit contributions on a timely basis, and that TEST has failed to remit such contributions from April 1, 2022 through December 31, 2022. Compl. ¶ 26; D.E. 9-5 at 14. Plaintiffs also claim that they have demanded payment, and TEST has refused. Compl. ¶ 28. The Fund Plaintiffs seek to recover the contributions owed, interest, liquidated damages equal to twenty percent of the contributions owed, attorneys fees, and costs. *Id.* ¶ 30; *see* 29 U.S.C. § 1132(g)(2).

Plaintiffs served the Summons and Complaint on Steve Lieit, a person authorized to accept service on behalf of Defendant. D.E. 6. Defendant failed to plead or otherwise defend, and Plaintiffs requested that the Clerk of the Court enter default against TEST. D.E. 7. The Clerk of the Court entered default against TEST on December 27, 2022. On February 27, 2023, the Court ordered Plaintiffs to move this civil action by requesting that default judgment be entered. D.E. 8. Plaintiffs then filed the present motion for default judgment. D.E. 9.

## II. STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure permits a court to enter a default judgment against a properly served defendant who fails to respond. *Anchorage Assocs. v. V.I. Bd. of Tax*

---

[3] The facts are drawn from the Complaint, D.E. 1, as well as the certification and exhibits submitted in conjunction with Plaintiffs' motion for default judgment, D.E. 9-1, D.E. 9-4, D.E. 9-5.

*Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). "Once a party has defaulted, the consequence is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir.2005)). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, however, and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)).

Prior to entering a default judgment, the Court must "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). The Court must also consider the following factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citation omitted); *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006) (citation omitted).

### III.  ANALYSIS

#### A.  Subject Matter Jurisdiction

When a default judgment is sought against a party that has not filed responsive pleadings, the Court "'has an affirmative duty to look into its jurisdiction both over the subject matter and the

3

parties.'" *Ramada Worldwide Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 05-3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008) (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)).

Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A claim arises under federal law if federal law creates the cause of action. *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). Here, the Court has subject matter jurisdiction pursuant to Section 1331 because federal law creates the Fund Plaintiffs' cause of action. In particular, the Fund Plaintiffs are given the right to sue and be sued by 29 U.S.C. § 1132(d)(1) and seek damages for alleged violations of 29 U.S.C. § 1145.

### B. Personal Jurisdiction

The Court has personal jurisdiction over Defendant. For entities, "the place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (citation and internal quotation marks omitted). TEST allegedly has its principal place of business in Fort Lee, New Jersey. Compl. ¶ 14. Because New Jersey is the paradigmatic forum to exercise jurisdiction over TEST, the Court finds that it has personal jurisdiction.[4]

---

[4] Courts have applied a "national contacts analysis when appraising personal jurisdiction in a case arising under a federal statute that contains a nationwide service of process provision." *AlliedSignal Inc. v. Blue Cross of Cal.*, 924 F. Supp. 34, 36 (D.N.J. 1996) (citation omitted); *see also* 29 U.S.C. § 1132(e)(2). Where such a statute is at issue, "a federal court may exercise personal jurisdiction over a properly served defendant provided the defendant has minimum contacts with the United States." *IUE AFL-CIO Pension Fund v. Locke Mach. Co.*, 726 F. Supp. 561, 565 (D.N.J. 1989) (citation omitted). TEST—an entity with a principal place of business in the United States, Compl. ¶ 14—meets this threshold as well.

4

### C. Sufficiency of Service

Service was properly effected upon Defendant. Section 1132(e)(2) provides that for actions arising under that statute, "process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Courts have recognized that this statute authorizes nationwide serve of process. *See AlliedSignal Inc. v. Blue Cross of Cal.*, 924 F. Supp. 34, 36 (D.N.J. 1996). Service here was affected on Steve Lieit in Folcroft Pennsylvania, and Lieit is a "person authorized to accept service" for Defendant. *See* D.E. 6.

### D. Sufficiency of the Fund Plaintiffs' Cause of Action

Next, the Court must determine whether the Complaint sufficiently states a cause of action. In doing so, the Court must accept all well-pleaded factual allegations in the Complaint as true, except as to damages. *Chanel, Inc.*, 558 F. Supp. 2d at 535-36.

The Fund Plaintiffs allege that TEST failed to remit required contributions in violation of 29 U.S.C. § 1145. That statute requires an employer who is obligated under the terms of a collective bargaining agreement to make contributions to a plan to "make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. The Inside Agreement, a collective bargaining agreement to which TEST agreed through the Letter of Assent, D.E.9-4, required TEST to make fringe benefit contributions based on its "gross monthly labor payroll paid to, or accrued by, the employees in this bargaining unit[.]" *Id.* at Art. VI. Plaintiffs allege that TEST "has failed to make the fringe benefit contributions to the Funds in violation of 29 U.S.C. § 1145[.]" Compl. ¶ 27. Thus, the Complaint sufficiently pleads a violation of 29 U.S.C. § 1145.

### E. Damages

While the factual allegations of the Complaint "will be taken as true" in deciding a motion for default judgment, "[d]amages must still be proven." *Garcia-Martinez v. V. Puzino Dairy, Inc.*, No. 11-6829, 2014 WL 956123, at *1 (D.N.J. Mar. 12, 2014) (citing *Comedyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). ERISA provides that where "a judgment in favor of the plan is awarded, the court *shall award*" to the plan (1) the unpaid contributions, (2) interest on the unpaid contributions, (3) the greater amount of either interest on the unpaid contributions or "liquidated damages provided for under the plan in an amount not in excess of 20 percent" of the unpaid contributions, and (4) reasonable attorney's fees and costs. 29 U.S.C. § 1132(g)(2) (emphasis added). These remedies are "mandatory." *See Trucking Emps. of N. Jersey Welfare Fund, Inc. v. Bellezza Co.*, 57 F. App'x 972, 975 (3d Cir. 2003).

The Fund Plaintiffs seek (1) $145,900.18 in unpaid contributions, (2) $1,114.47 in interest, (3) $29,180.04 in liquidated damages, reflecting twenty percent of the unpaid contributions, (4) $2,164 in attorneys' fees, and (5) $813.88 in costs. The sum of these amounts is $179,172.57.

To substantiate the amount of contributions that Defendant allegedly failed to remit, the Fund Plaintiffs submitted "[a] Copy of the Job Status Report kept in the regularly conducted course of collection activity by, and received from the Local 400 I.B.E.W. Fund Administrator." D.E. 9-1 at ¶ 13; D.E. 9-5 at 14. This document sets forth the total amounts due for each month from April 2022 through December 2022, with a total amount due of $145,900.18. D.E. 9-5 at 14. The Job Status Report constitutes adequate documentation to support the $145,900.18 in unpaid contributions.

As to interest and liquidated damages, the Fund Plaintiffs included a chart calculating such amounts. D.E. 9-5 at 16. With an interest rate of 1.5%,[5] adjusted for the length of time between the due date and March 7, 2023, Plaintiffs are owed $1114.47 in interest.[6] *See id.* This sum will be granted.

The Fund Plaintiffs calculated liquidated damages by taking twenty percent of the unpaid contributions before interest was added, which equals $29,180.04. *Id.* ERISA provides that a plaintiff is entitled to "liquidated damages *provided for under the plan* in an amount not in excess of 20 percent" of the unpaid contributions. 29 U.S.C. § 1132(g)(2)(C)(ii).[7] Plaintiffs, merely claim that "[l]iquidated damages are assessed at twenty percent (20%) pursuant to 29 U.S.C. § 1132(g)(2)([C])(ii)," D.E. 9-1 at ¶ 12, but that provision requires that the plan first establish such entitlement. The "Policy for Collection of Delinquent Fringe Benefit Contributions" provides that the Fund Plaintiffs "have the legal right to exercise all remedies allowable under . . . [ERISA] . . . including but not limited to . . . [t]he right to recover liquidated damages[.]" D.E. 9-5 at 2-3. That agreement, however, does not establish the figure at which liquidated damages are to be calculated.

Because Plaintiffs have not pointed to any provision in the Inside Agreement or related agreements entitling them to liquidated damages of twenty percent, the Court will not grant

---

[5] This rate is set forth in the "Policy for Collection of Delinquent Fringe Benefit Contributions," D.E. 9-5 at 4, which TEST allegedly agreed to. Compl. ¶ 22.

[6] While the Fund Plaintiffs' certification states that the interest equals $1,224,47, that appears to be an arithmetic error based on the included chart calculating such interest. *See* D.E. 9-5 at 16.

[7] The statute provides that a plaintiff is entitled to interest on the unpaid contributions, *plus the greater of* (1) interest on the unpaid contributions, or (2) liquidated damages. 29 U.S.C. § 1132(g)(2)(C)(ii). The Fund Plaintiffs assumed an entitlement to liquidated damages of twenty percent of the unpaid contributions, which would be significantly greater than the interest amount.

liquidated damages at this time.[8] *See Trs. of N.J. B.A.C. Health Fund v. All Finish Constr., Inc.*, No. 16-5096, 2017 WL 2831165, at *3 (D.N.J. June 29, 2017) ("Section [1132](g)(2) also entitles the plan to judgment for liquidated damages and interest at rates *prescribed by the documents and instruments governing the plan.*" (emphasis added)); *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *3 (D.N.J. July 24, 2012) (granting liquidated damages of 10% as provided in the collective bargaining agreement and reasoning that "[s]ince the liquidated damages are provided for under the plan and are not in excess of 20 percent, this amount is acceptable under ERISA"); *Trs. of Int'l Union of Painters & Allied Trades Dist. Council 711 Health & Welfare Fund v. Rocon, Inc.*, No. 21-8534, 2022 WL 225384, at *5 (D.N.J. Jan 26, 2022) (granting default judgment including liquidated damages equal to 20% of the unpaid balance "in light of the express terms of the [Policy for the Collection of Delinquent Contributions]").

The Fund Plaintiffs also seek $2,164 in attorneys' fees and $813.88 in costs for a total of $2,977.88. *See* D.E. 9-1 at ¶¶ 15-20; D.E. 9-5 at 18-22. "In awarding fees under [ERISA], the court should determine what constitutes a reasonable fee[.]" *Int'l Union of Painters v. Andrews Window Servs. LLC*, No. 15-3583, 2016 WL 3234516, at *4 (D.N.J. June 7, 2016) (internal quotation marks and citation omitted). "[S]pecificity is critical" and thus "[a] request for fees must be accompanied by fairly definite information as to hours devoted[.]" *United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 291 (3d Cir. 2007) (citation and internal quotation marks omitted). Plaintiffs provided a summary of the attorneys' fees and costs with

---

[8] As provided in the accompanying Order, within fourteen days from the entry thereof, the Fund Plaintiffs may (1) elect to recover interest on the unpaid contributions pursuant to 29 U.S.C. § 1132(g)(2)(C)(i), in addition to the interest already awarded herein, or (2) file a supplemental submission showing their entitlement to liquidated damages.

detailed information as to the work performed and amount billed on a line-by-line basis. *See* D.E. 9-5 at 19-22. Plaintiffs also included the professional performing the work, their position and hourly rate, the time required to complete the work, and the date the work was performed. The two attorneys working on this matter billed at rates of $250.00 and $200.00 per hour, and a paralegal billed at a rate of $90.00 per hour. The Court is satisfied that the attorneys' fees and costs requested are well documented and reasonable in light of the nature of the case and the services rendered. Accordingly, the Court will award attorneys' fees and costs for the requested amount of $2,977.88.

### F. Default Judgment Factors

Before imposing the extreme sanction of default judgment, district courts must make explicit factual findings as to: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

Here, all three factors weigh in favor of entering default judgment. First, considering that Defendant has not responded in this matter, "Defendant has put forth no evidence or facts containing any information that could provide the basis for a meritorious defense." *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *3 (D.N.J. Jan. 22, 2015) (citation omitted). Additionally, there is nothing on the face of the Complaint indicating that a meritorious defense is available. Second, the Fund Plaintiffs have been prejudiced by Defendant's failure to answer. Without a default judgment, they have "no other means of seeking damages for the harm allegedly caused by Defendant." *Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012). Lastly, Defendant's failure to answer, without providing any

reasonable explanation, demonstrates its culpability in the default. *See Days Inns Worldwide, Inc. v. Mangur LLC*, No. 15-2027, 2016 WL 845141, at *4 (D.N.J. Mar. 4, 2016).

For those reasons, the Court finds that default judgment is warranted.

### IV.     CONCLUSION

For the foregoing reasons, and for good cause shown, Plaintiffs' motion for default judgment, D.E. 9, is **GRANTED in part and DENIED in part**. At this time, the Court will enter default judgment in favor of the Fund Plaintiffs against Defendant TEST in the amount of $149,992.53. An appropriate Order accompanies this Opinion.

Dated: May 10, 2023

                                                                                    _____
                                                                                    John Michael Vazquez, U.S.D.J.